IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

BRENDA L. HILL MYRICK,
Administrator of the Estate of Gregory Hill,
        Plaintiff,

v.                                                    Civil Action No. 3:16-cv-952-JAG

NAPHCARE, INC., et. al.,
        Defendants.

## OPINION

Gregory Lee Hill, a pretrial detainee, died after experiencing medical distress at the Richmond City Justice Center (the "Jail"). The administrator of his estate, Brenda L. Hill Myrick, brings state law negligence and 42 U.S.C. § 1983 claims against a multitude of defendants. Two of the defendants, Kelsey Green and Beverly Daniels, both of whom are medical personnel at the Jail, have filed motions to dismiss for failure to state a claim. The Court grants Green's motion to dismiss because, as the plaintiff pled, Green did not act negligently or with deliberate indifference to Hill's serious medical need. On the other hand, the Court denies Daniels's motion to dismiss because the plaintiff alleges sufficient facts to state plausible claims of negligence and deliberate indifference against Daniels.

## I. BACKGROUND

On January 6, 2016, authorities transferred Hill to the Jail. At intake, the medical staff incorrectly placed Hill on an opiate, rather than a benzodiazepine, withdrawal regimen.

On January 9, at 3:55 p.m., Green, a medical aide at the Jail, documented that she attempted to check Hill's blood glucose and vital signs, but Hill refused.

A few hours later, Hill began to show signs of distress, so Jail deputies took Hill to the medical department. Daniels, a licensed practical nurse at the Jail, heard Hill screaming,

banging, and knocking about in the area leading to the medical department. Daniels also saw deputies physically restraining Hill while in the medical department.

After evaluation, the medical staff reported Hill's symptoms to the Jail's doctor. The doctor ordered that Hill be sent to the hospital in an ambulance for further evaluation. The nurses relayed this order to the deputies.

Rather than take Hill to the hospital, the deputies removed him from the medical department—against the urging of nurses—and restrained him in an emergency restraint chair. When Hill became unresponsive, the deputies called for the medical staff, who started CPR and later called 911. When the paramedics arrived, they continued CPR and transported Hill to the hospital. The hospital pronounced Hill dead shortly after arrival.

After Hill's death, the medical staff at the Jail completed a Medical Emergency Code Report (the "Report") concerning the incidents leading up to Hill's death. The Report lists the facts of the incident, but not which of the medical staff took which actions. Both Green and Daniels signed the Report under "Signature/Credentials of Staff Involved."

## II. DISCUSSION[1]

The plaintiff has brought suit against a multitude of defendants, including Green and Daniels, for state law wrongful death and deprivation of civil rights under 42 U.S.C. § 1983. Green and Daniels have moved to dismiss the claims against them for failure to state a claim.

### A. *Wrongful Death*

The plaintiff brings a state law wrongful death claim alleging three forms of negligence: (1) simple negligence; (2) gross negligence; and (3) willful and wanton negligence. The lowest degree of negligence, simple negligence, refers to actions that an individual commits without the degree of care an ordinary prudent person would use in a similar situation to avoid injury to another. *Cowan v. Hospice Support Care, Inc.*, 268 Va. 482, 486, 603 S.E.2d 916, 918 (2004). Grossly negligent conduct involves (1) an indifference to another and (2) a lack of prudence that completely ignores the other's safety. *Id.* at 486, 603 S.E.2d at 918. Gross negligence requires a degree of negligence which shocks fair-minded persons, but does not rise to the level of willful and wanton negligence. *Id.* Willful and wanton negligence is the highest degree of negligence and involves a person acting either (1) with conscious disregard for the rights of another or (2) with knowledge that such conduct could result in harm to another in the circumstances. *Id.* at 487, 603 S.E.2d at 919; *Griffin v. Shively*, 227 Va. 317, 322, 315 S.E.2d 210, 213 (1984).

---

[1] Daniels and Green move to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. A Rule 12(b)(6) motion gauges the sufficiency of a complaint without resolving any factual discrepancies or testing the merits of the claim(s). *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering the motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)). The principle that a court must accept all allegations as true, however, does not apply to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a Rule 12(b)(6) motion to dismiss, a complaint must state facts that, when accepted as true, "state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The complaint does not suggest that Green acted negligently. As the facts explain, Green, a medical aide, attempted to check Hill's blood glucose and vital signs hours before he died, but Hill refused her. Furthermore, Green signed the Report after Hill's death, but the facts do not allege any specific conduct to suggest Green acted negligently. In fact, the Report does not offer any acts of Green's at all. Negligence, even at its simplest level, requires an act or omission. *See Cowan*, 268 Va. 482, 603 S.E.2d 916. Without a pleading of negligent action, the complaint does not support claims of gross or willful and wanton negligence, both of which require a higher degree of culpability. Accordingly, the Court grants Green's motion to dismiss regarding the wrongful death claim.

On the other hand, the facts state a plausible claim that Daniels acted negligently during Hill's medical distress. Daniels heard Hill screaming, saw the deputies restraining Hill, and heard the doctor order the deputies to take Hill to the hospital. In other words, unlike Green, the facts support the inference that Daniels was present in the medical department during Hill's distress and somehow participated. Accordingly, the plaintiff has pled the plausible claim against Daniels for negligence because the facts suggest that Daniels had contact with Hill during his distress. The Court, therefore, denies Daniels's motion to dismiss the wrongful death claim.

### B. Deliberate Indifference

The plaintiff also claims that Green and Daniels violated Hill's Fourteenth Amendment rights to receive adequate medical care.[2] The Fourteenth Amendment Due Process Clause requires prisons to provide medical care to detainees and uses the deliberate indifference standard to determine a violation. *Brown v. Harris*, 240 F.3d 383, 388 (4th Cir. 2001). A

---

[2] The Eighth Amendment requires prisons to supply reasonable medical care to convicted prisoners. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). The Fourteenth Amendment extends the requirements of the Eighth Amendment to pretrial detainees. *Brown v. Harris*, 240 F.3d 383, 388 (4th Cir. 2001).

4

plaintiff must bring claims for constitutional violations by state actors under 42 U.S.C. § 1983. In such a case, the plaintiff must plead particular facts against each defendant individually to suggest the defendant acted against the plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

The deliberate indifference standard requires the plaintiff to show that the defendant actually knew of a prisoner's substantial risk of injury or serious medical need and disregarded or ignored that need. *Young v. City of Mt. Rainier*, 238 F.3d 567, 575-76 (4th Cir. 2001).[3] In medical needs cases, a court may use the subjective test to consider whether the official acted with deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 838 (1994). "A plaintiff can meet the subjective knowledge requirement through evidence of a prison official's actual knowledge or circumstantial evidence tending to establish such knowledge, including evidence that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Scinto v. Stansberry*, 841 F.3d 219, 226 (4th Cir. 2016). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." *Young*, 238 F.3d at 575.

The plaintiff alleges that Green knew of Hill's serious medical needs and appreciated those needs, but does not supply factual support for that allegation. As discussed above, the facts do not support a claim of negligence, so they cannot meet the high standard that deliberate indifference requires. Moreover, the complaint presents no facts regarding Green's subjective knowledge of Hill's medical status, the error in Hill's treatment, or Hill's condition, as required

---

[3] *See also Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.") (internal citation and quotations omitted).

to sustain a § 1983 claim. The Court, therefore, grants Green's motion to dismiss as to the deliberate indifference claims.

Unlike the facts against Green, the plaintiff does allege enough facts to suggest that Daniels knew of Hill's serious medical needs. According to the plaintiff, Hill's medical distress was obvious throughout the incidents leading to his death. Daniels heard Hill screaming and banging in the area leading to the medical department, which suggests that Daniels actually saw Hill during his time of medical distress. Hearing the commotion in that area and seeing the deputies restraining Hill in the medical department, also, supports the allegation that Daniels was present in the medical department during Hill's distress and may have participated in the incident. Both inferences, when drawn in favor of the plaintiff, suggest a plausible claim that Daniels may have disregarded or ignored Hill's serious medical needs. Accordingly, the Court denies Daniels's motion to dismiss related to the deliberate indifference claims.

### III. CONCLUSION

For the reasons stated, the Court GRANTS Green's motion to dismiss and dismisses the claims WITH PREJUDICE. The Court DENIES Daniels's motion to dismiss.

The Court will enter an appropriate order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: July 31, 2017
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge